United States District Court
Southern District of Texas
**ENTERED**
March 21, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| NICHOLAS RAMPERSAD<br>Movant, | § § § | |
| VS. | § § | CIV. NO. 7:18-cv-00170 |
| UNITED STATES OF AMERICA<br>Respondent. | § § § | CRIM. NO. 7:17-cr-00960-01 |

## REPORT & RECOMMENDATION

Movant, Mr. Nicholas Rampersad, a federal prisoner proceeding pro se, filed a Notice of Appeal (Civ. Dkt. No. 10) in regard to Dismissal of Movant's 28 U.S.C. § 2255 petition and order that no Certificate of Appealability be issued in this matter from November 26, 2018.[1] (Civ. Dkt. No. 9.) Movant subsequently filed on December 31, 2018, Application to Proceed Without Payment of Fees and Affidavit. (Civ. Dkt. No. 13.) That request was subsequently referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b). On February 12, 2019, the undersigned issued an Order advising Movant that he had failed to comply with Federal Rules of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(1). (Civ. Dkt. No. 14.) On March 15, 2019, Movant filed a Supplemental to Initial Application and Sealed Document setting forth information pertaining to Movant's prisoner trust account for the last six months. (Civ. Dkt. No.'s 15, 16.) With the timely filing of Movant's supplemental motion[2], the application to proceed in forma pauperis is ripe for disposition on the record.

---

[1] The appeal has been docketed in the Court of Appeals in Case No. 18-41148.

[2] Movant was provided until March 12, 2019, to file a supplemental motion. (Civ. Dkt. No. 14 at 4.) Movant placed the supplemental response with United States Post Office on March 6, 2019, per sworn statement within the response. (Civ. Dkt. No. 15 at 6.) "[P]ro se prisoner's filings are governed by the mailbox rule. Thus, they are deemed 'filed as soon as the pleadings have been deposited into the prison mail system.'" *Medley v. Thaler*, 660 F.3d 833, 835 (5th Cir. 2011). Therefore, Movant filed the supplemental motion prior to the deadline of March 12, 2019, even though the response was received by the Clerk's Office on March 15, 2019.

1

Movant's request to proceed in forma pauperis without the payment of a filing fee should be denied for the appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A). While Movant has provided information pertaining to his inmate trust account, Movant has failed to set forth his "claims [of] entitlement to redress" and "issues that [Movant] intends to present on appeal" in regard to his request for Certificate of Appealability from a circuit judge. *See* Fed. R. App. P. 24(a)(1); 28 U.S.C. §§ 1915(a)(1), 2253(c)(1). Further, even if one were to construe the Response to undersigned's Report and Recommendation on file prior to the dismissal as reason for appeal, it is still not being sought in good faith. (Civ. Dkt. No. 7.)

## I. Procedural History

On May 29, 2018, Movant filed a Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255. (Civ. Dkt. No. 1.) On October 10, 2018, the undersigned filed a Report and Recommendation to deny the Motion and dismiss with prejudice, as well as to decline to issue a Certificate of Appealability. In summary, Movant was relying on the recent ruling in *Sessions v. Dimaya*, 138 S. Ct. 1204, 1213-15 (2018), to contest his sentence for illegal re-entry after prior removal even though the applicable sentencing guidelines did not rely on the residual clause in 18 U.S.C. § 16(b) that was found to be unconstitutional. (Civ. Dkt. No. 5 at 11-12.)

On October 8, 2018, Movant filed a response to the Report and Recommendation essentially challenging his conviction for illegal re-entry after prior removal and, in particular, his previous removal pursuant to 8 U.S.C. § 1326(d), arguing that his prior removal and thus recent conviction are now in question and subject to collateral attack because of the ruling in *Dimaya*. (Civ. Dkt. No. 7 at 3-4.) On November 24, 2018, the District Court adopted the Report and Recommendation and dismissed Movant's Motion and denied the Certificate of Appealability. (Civ. Dkt. No. 9.) On December 11, 2018, the District Clerk's Office received a Notice of Appeal

from Movant that was placed in the mail on December 3, 2018. (Civ. Dkt. No. 10.) On December 26, 2018, a Notice of Non-Compliance was issued for Movant's failure to file the appellate filing fee. (Civ. Dkt. No. 12.) On December 31, 2018, Movant responded by filing a request to proceed foregoing the payment of said fee. (Civ. Dkt. No. 13.) On March 15, 2019, Movant filed a Supplemental to Initial Application and supporting documentation in response to an Order from the undersigned issued the previous month. (Civ. Dkt. No. 15.)

## II.     Request for Certificate of Appealability

Movant is essentially seeking the Court of Appeals to issue a Certificate of Appealability as the District Court has denied the COA in regard to the § 2255 Motion. *See* R. Gov. Sec. 2255 Cases 11(a); *see also* Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2553(c)(1)(B).

Movant must pay the filing fee or the filing fee must be waived. *See* Fed. R. App. P. 24; 28 U.S.C. § 1915(a)(1). Pursuant to Rule 24, a party who seeks a waiver of fee must file a motion in District Court with an affidavit that shows the party's inability to pay, "claims an entitlement to redress," and "states the issues that the party intends to present on appeal." Fed. R. App. P. 24(a)(1); *see also* 18 U.S.C. § 1915(a)(1) (setting forth similar requirements for those seeking to proceed in forma pauperis and with waiver of filing fee). Prior approval is not needed if a party was permitted to proceed in forma pauperis (IFP) in the district court action unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding." Fed. R. App. P. 24(a)(3)(A); *see also* 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.").

In reviewing this interplay of Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Fifth Circuit has held the following:

> From this vantage point we now hold that (1) a district court may certify that an IFP appeal is not taken in good faith under section 1915(a)(3) and Rule 24(a); (2) if the trial court does so, it is required under Rule 24(a) to set forth in writing the reasons for its certification; and (3) within the time prescribed by Rule 4 [of Rules of Appellate Procedure], the appellant either may pay the full filing fee or any relevant costs and proceed on appeal for plenary review, or contest the certification decision [to deny IFP appeal] by filing a motion for leave to proceed IFP with the court of appeals.

*Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). The Fifth Circuit further noted that if such a certification to proceed IFP is denied by the district court and the pro se petitioner then seeks and is granted leave to proceed IFP from the court of appeals, "the district court shall enter an appropriate order under 28 U.S.C. § 1915(b) assessing the initial partial filing fee and ordering payment of the remainder of the filing fee as directed by the PLRA [Prisoner Litigation Reform Act]. After this order is entered, appellate review will commence." *Id.* at 202 n.22.[3]

### III. Request to Proceed In Forma Pauperis and Lack of Good Faith

#### A. Filing Fee

As requested, Movant has provided additional information in regard to the inmate trust fund account. (Civ. Dkt. No. 16.) A review of that information shows current account balance of $8.48. (*Id.* at 1.) The report set forth that the average daily balance is $80.57 and the maximum balance from the previous 30 days was $150.95. It also notes that the "National 6 Months Deposits" are $1,645.88, the "National 6 Months Withdrawals" are $1,107.65, and the "Available Funds to be considered for IFRP Payments" are $1,170.88. (*Id.* at 2.) Movant, in his initial application, states that his wages are $25.00 per month and he does not have any other sources of income. (Civ. Dkt. No. 13 at 1.) Further, Movant qualified for a court appointed counsel at the

---

[3] Compare with *United States v. Cole*, 101 F.3d 1076, 1077 (5th Cir. 1996), which held that the Prisoner Litigation Reform Act of 1995 is inapplicable to § 2255 petitions. Specifically, the Fifth Circuit held that once a prisoner has been granted IFP, they are not to be charged an initial partial filing fee and monthly payments, thereafter, as required by 28 U.S.C. § 1915(b)(1). *Cole*, 101 F.3d at 1077.

4

beginning of the underlying criminal matter and has been incarcerated since his initial arrest on June 1, 2017. (*United States v. Rampersad*, Crim. Case No. 7:17-cr-00960, Crim. Dkt. No.'s 1, 4.) Despite contradictory information about amounts in the account greater than $1,000, due to the continued incarceration and the fact that current inmate account balance is only $8.48, Movant appears to qualify to proceed without the need to pay a filing fee. However, that was only part of the request from the Order issued from February 12, 2019.

### B. Good Faith

Under Federal Rule of Appellate Procedure 24(a)(3) and 28 U.S.C. § 1915(a)(3), a federal court may refuse to certify an appeal for in forma pauperis status if it is not taken in good faith. An appeal taken in good faith is one that raises a nonfrivolous issue. *See Castillo v. Self*, 350 F. App'x 957, 958 (5th Cir. 2009); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (citing *Anders v. California*, 386 U.S. 738 (1967)) ("The inquiry is limited to whether the appeal involves 'legal points arguable on their merits (and therefore not frivolous).'"). As explained below, Movant has failed to present any nonfrivolous claim and therefore lacks good faith in his appeal.

Movant failed "to specifically set forth his claims of entitlement to redress and issues that Movant intends to present on appeal in regard to his request for Certificate of Appealability from the circuit judge." (Civ. Dkt. No. 14 at 4, internal quotations and citations omitted.) The Report and Recommendation incorporated herein[4], essentially set forth that Movant's claims for relief under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018), were neither factually or legally applicable to Movant's claims. (Civ. Dkt. No. 5 at 7-11.) Movant's sentencing under the 2016 Sentencing Guidelines did not implicate or utilize the residual clause of 18 U.S.C. § 16(b) at issue in *Dimaya*

---

[4] *See Marquez v. United States*, 2017 WL 10186413, at *1 (W.D. Tex. July 11, 2017) (citing *Baugh v. Taylor*, 117 F.3d 1997, 202 n. 21 (5th Cir. 1997), in support of the finding that "that the district court may incorporate by reference its prior decision when explaining its reasons for certifying an appeal is not taken in good faith.").

5

and even if the Guidelines had explicitly set forth the troubled residual clause, current Fifth Circuit case law clearly holds that the constitutional issues set forth in *Dimaya* are not implicated by the Sentencing Guidelines. *Id.; see also United States v. Godoy*, 890 F.3d 531, 538-39 (5th Cir. 2018).

In Movant's objections to the Report and Recommendation, which was considered by the District Judge prior to denial of the § 2255 motion, Movant did not set forth any additional support for his claims but instead set forth a new argument seeking to collaterally attack his prior removal pursuant to 8 U.S.C. § 1326(d). (Civ. Dkt. No. 7 at 3-4.) This new argument does not set forth any rational or reason why the Dismissal based on the Report and Recommendation may have been debatable or wrong to warrant a Certificate of Appealability. *See United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (quoting *Moore v. Johnson*, 225 F.3d 495, 500 (5th Cir. 2000) ("To prevail on an application for a COA, a petitioner must make a 'substantial showing of the denial of a constitutional right, a demonstration that . . . includes showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."). The argument, itself, is completely unrelated to the initial claims of ineffective assistance of counsel and perceived sentencing issues under *Dimaya*.

Movant's Response to the Report and Recommendation, as noted, set forth an argument to contest the underlying deportation pursuant to 8 U.S.C. § 1326(d). Section 1326(d) states:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection (a)(1) or subsection (b) unless the alien demonstrates that—
>
> (1)   The alien exhausted any administrative remedies that may have been available to seek relief against the order;
>
> (2)   The deportation proceedings at which the order was issued improperly deprived the alien of the opportunity for judicial review; and

6

      (3)    The entry of the order was fundamentally unfair.

Movant has not set forth any facts that, even if assumed true, would establish a claim under 8 U.S.C. § 1326(d). Movant has not shown how he exhausted his administrative remedies, how the deportation proceeding improperly deprived him of the opportunity for judicial review, or how the order was fundamentally unfair. More importantly, Movant nor his counsel attempted to challenge his prior deportation during his criminal case. Because of this, Movant is unable to now challenge his prior deportation except through a claim of ineffective assistance of counsel for failing to argue § 1326(d) during his criminal case. As stated above, Movant did not include this claim in his § 2255 motion and, therefore, it is not reviewable without first obtaining permission to file a subsequent, successive 28 U.S.C. § 2255 petition pursuant to 28 U.S.C. § 2255(h).[5] Because the claim Movant now raises is not reviewable or even applicable to the initial claims, it is a frivolous argument that does not support the request for an appeal of the denial of the Certificate of Appealability by the District Court.

For the foregoing reasons, it is recommended that the appeal is not taken in good faith as Movant has failed to show any nonfrivolous claim on how there has been a denial of a constitutional right for purposes of a Certificate of Appealability. *See* Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3); *see also* 28 U.S.C. § 2253(c)(2). The appeal presents no legal points of arguable merit. If this certification is adopted, Movant may challenge this certification by filing a separate motion to proceed in forma pauperis on appeal with the clerk of the United States Court of Appeals for the Fifth Circuit. *See Baugh*, 117 F.3d at 202 n.22; *cf. Cole*, 101 F.3d at 1077.

---

[5]Pursuant to 28 U.S.C. § 2255(h), "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court appeals to contain—(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

## CONCLUSION

### *Recommended Disposition*

After a careful review of the record and relevant law, the undersigned recommends that Movant's Application to Proceed Without Prepayment of Fees and Affidavit (Civ. Doc. No. 13) be **DENIED** and that the District Court **CERTIFY** that Movant's Appeal (Civ. Doc. No. 10) is not taken in good faith.

### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The Clerk shall send a copy of this Order to Movant and counsel for Respondent.

DONE at McAllen, Texas, this 21st day of March, 2019.

Juan F. Alanis
United States Magistrate